T.C. Memo. 2004-152

UNITED STATES TAX COURT

WANDA P. CHOCALLO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12695-02L.                    Filed June 28, 2004.

Wanda P. Chocallo, pro se.

<u>Russell K. Stewart</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  The issues before the Court concern
respondent's motion to dismiss this section 6330 case as moot and
petitioner's "Motion For Sanctions, Contempt and For Other
Relief", as supplemented.

Background

Petitioner filed an action under section 6330(a) contesting a levy wherein respondent had collected $21,411.27 for petitioner's purported 1998 unpaid tax liability.[1]  Pursuant to section 6330, the Commissioner is required to send a written notice to the taxpayer of her right to a hearing[2] before a levy is made upon a taxpayer's property "not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period."[3]  Sec. 6330(a)(2).  The notice, inter alia, informs the taxpayer that she is entitled to "request a hearing" prior to the proposed levy.  Sec. 6330(a)(3)(B).  Upon timely request, the hearing is to be held by an impartial officer with the Commissioner's Appeals Office.  Sec. 6330(b).  The statute articulates those matters to be considered at the hearing, including the requirement that the Appeals officer obtain verification that the procedural requirements "of any applicable law or administrative procedure"

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code currently in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent refers to the notice of intent to levy as the "Collection due process hearing notice" or CDP notice, the terminology which respondent uses in his regulations.  See sec. 301.6330-1(a)(1), Proced. & Admin. Regs.

[3]Generally, the CDP notice is sent to a taxpayer by certified or registered mail, return receipt requested, to the taxpayer's "last known address".  Sec. 6330(a)(2).

have been met. Sec. 6330(c)(1). Thereafter, the Appeals officer is to make a determination whether to proceed with the proposed levy action and embodies that determination in a notice sent to the taxpayer. Sec. 6330(c); sec. 301.6330-1(e), Proced. & Admin. Regs. Within 30 days of the determination, the taxpayer may seek judicial review with either this Court or the District Court, whichever is appropriate. Sec. 6330(d); sec. 301.6330-1(f), Proced. & Admin. Regs. During the proceedings, as provided in section 6330, the Commissioner is precluded from making the proposed levy absent a jeopardy determination. Secs. 6330(e)(1) and (f), 6331(a).[4] Furthermore, if this Court has jurisdiction, we are empowered to enjoin any such levy actions. Sec. 6330(e)(1).

Respondent moved to dismiss for lack of jurisdiction on the basis of respondent's allegation that he had not issued a notice of determination. We denied respondent's motion to dismiss for lack of jurisdiction in an Order dated November 12, 2003. In that Order we found that petitioner had received a "determination" within the contemplation of section 6330 and had filed a timely petition. We noted various discrepancies in respondent's transcript of petitioner's account for her 1998 tax year and concluded that the determination was issued and the levy had been made prior to giving petitioner an opportunity to

_____

[4]No jeopardy determination was made in this case.

contest the propriety of the levy before an Appeals officer.  We ordered that the amount collected by levy be returned to petitioner with interest.  On December 4, 2003, respondent complied with this Order by reimbursing petitioner for $21,411.27 that had been collected by levy from petitioner's bank account plus interest thereon of $1,524.72.[5]

In our Order of November 12, 2003, we also ordered that petitioner be given a hearing before an Appeals officer in order to determine whether the levy that respondent wanted to make was appropriate.  In so doing, we suggested that the Appeals officer review certain facts that were presented during the previous hearings regarding respondent's motion to dismiss for lack of jurisdiction.  These facts suggested the possibility that the 1998 tax liability that respondent was trying to collect by levy had been improperly assessed.

On or around December 9, 2003, respondent reported that he had determined that the 1998 income tax liability that he was trying to collect by levy had been improperly assessed and that he would not pursue any levy action against petitioner for any unpaid income taxes for 1998.  Respondent also reported that he was returning additional amounts previously collected from petitioner for her 1998 liability that had been improperly

—————————————

[5]See _infra_ p. 5, table note 1.

assessed.  These amounts were refunded to petitioner in the

following amounts:

| Date | Amount |
|------|--------|
| 1/23/04 | [1]$23,626.88 |
| 1/29/04 | 2,041.31 |

[1]Respondent calculated this amount as follows:

| Description | Amount |
|-------------|--------|
| Petitioner's payment with 1998 return | $40,286.59 |
| Less: 1998 tax assessed on return | (7,450.00) |
| Less: 1998 late payment penalty | (223.50) |
| Less: 1998 interest | (304.86) |
| Less: Amount applied to 1995 outstanding liability | (7,937.81) |
| Less: Amount applied to 1994 outstanding liability | (4,639.77) |
| Subtotal | 19,730.65 |
| Additional payment by petitioner 11/9/01 | 667.40 |
| 1999 overpayment credit | 368.64 |
| Subtotal | 20,766.69 |
| Less: Amount applied to 2000 outstanding liability | (753.10) |
| Less: Amount applied to 2001 outstanding liability | (829.56) |
| Total | 19,184.03 |

In his initial processing of petitioner's refund check of Jan.
23, 2004, respondent failed to consider the interest of $1,524.72
paid to petitioner when the levy proceeds were refunded on Dec.
4, 2003.  Thus, respondent made an additional deduction of
$1,524.72 from the principal amount of $19,184.03 to be paid, so
that the final amount of the check issued to petitioner on Jan.
23, 2004 was $23,626.88, $17,659.31 of principal and $5,967.57 of
accrued interest.


As a result of respondent's determinations and actions,

respondent moved to dismiss this section 6330 case as being moot.

Petitioner then filed her "Motion For Sanctions, Contempt and For

Other Relief".  On April 1, 2004, petitioner filed a

"Supplemental Motion for Sanctions, Contempt and For Other Relief".

Discussion

Our jurisdiction under section 6330 is generally limited to reviewing whether a proposed levy action is proper.[6] Respondent has stated that the levy he proposed (and improperly made) is no longer being pursued. The amounts that respondent collected by levy have been returned with interest. In addition, amounts previously collected regarding petitioner's 1998 income tax liability have been refunded or credited.[7] Our jurisdiction under section 6330 is limited to reviewing the proposed levy action regarding petitioner's 1998 income tax liability. Since respondent now agrees that there is no unpaid 1998 income tax liability upon which a levy could be based, we agree with respondent that the issue regarding the levy is moot.

The gravamen of petitioner's motion, as supplemented, is that she "has been the victim of IRS tyranny, terrorism, thievery, fraud, deceit, cunning craft and dishonesty."

---

[6]Our jurisdiction is predicated upon sec. 6330(d)(1)(A). See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

[7]Petitioner appears to argue that she was entitled to funds that respondent credited to other outstanding tax liabilities. Sec. 6402(a) permits the Secretary to credit any overpayment "against any liability in respect of an internal revenue tax on the part of the person who made the overpayment" and requires the Secretary to refund any balance to that taxpayer.

Petitioner requests that respondent's employees who handled her case be criminally prosecuted for various alleged offenses.  We have no jurisdiction to consider such actions.  Petitioner also claims other monetary compensation including damages in the sum of $1 million for alleged wrongs committed by respondent's employees.  Petitioner does not cite or rely upon any specific statute as a basis for these claims, and we generally have no jurisdiction over such matters.[8]  If petitioner's $1 million claim for damages were meant to be predicated upon section 7433, which provides for up to $1 million in civil damages for certain unauthorized collection actions, we note that such claims must be brought in a district court of the United States.

Since petitioner has received all the relief to which she is entitled under section 6330, we shall grant respondent's motion to dismiss this case as moot.  We shall also deny petitioner's

---

[8]Petitioner has not explicitly claimed administrative or litigation costs pursuant to sec. 7430 even though she was specifically advised by the Court that if she wished to make such claim she would have to provide the facts and information required by Rule 231.  Petitioner has not provided the information required by Rule 231.

"Motion For Sanctions, Contempt and For Other Relief", as supplemented.

An appropriate order and order of dismissal will be entered granting respondent's Motion to Dismiss on the Ground of Mootness and denying petitioner's Motion for Sanctions, Contempt and For Other Relief, as supplemented.