**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINDSAY MANOR NURSING
HOME, INC.,

        Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent - Appellee.

No. 17-9002
(Tax Court)
(Docket No. 24596-14L)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BACHARACH**, and **MORITZ**, Circuit
Judges.

      This appeal arises from the Internal Revenue Service's attempt to levy

unpaid taxes on Lindsay Manor, which operated a nursing home in Oklahoma.

Lindsay Manor challenged the proposed levy because, under 26 U.S.C.

§ 6343(a)(1)(D), levies should be released if they cause a taxpayer "economic

hardship." Lindsay Manor claimed it qualified for such relief because the levy

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

would leave it unable to provide adequate care to patients at the nursing home. The Tax Court denied relief and Lindsay Manor appealed.

Since this litigation started, however, circumstances have changed. Lindsay Manor no longer operates any nursing homes in Oklahoma. As a consequence, even if Lindsay Manor prevails on appeal, it will not receive hardship relief. That is because the only basis upon which Lindsay Manor requested this relief—its ability to care for its nursing home patients—no longer exists. This appeal is therefore moot.

Accordingly, we grant the government's motion to dismiss this case as moot and vacate the Tax Court's decision.

# I. Background

Lindsay Manor Nursing Home, Inc. is an Oklahoma corporation owned by Sam Jewell. In April 2014, the Internal Revenue Service sent Lindsay Manor a "Final Notice of Intent to Levy" because it allegedly owed $122,836.40 in back taxes. The notice told the company it could request a Collection Due Process (CDP) hearing to challenge the proposed levy. Lindsay Manor did so. But critically, Lindsay Manor did *not* challenge that it, in fact, owed the IRS these taxes. Rather, it "challenged the appropriateness of the proposed levy on the grounds of economic hardship."[1] R., Vol. 1 at 102.

_____

[1] Lindsay Manor also asked to pay its owed taxes over time, pursuant to an
(continued...)

Section 6343(a)(1)(D) provides that "[u]nder the regulations prescribed by the Secretary, the Secretary shall release the levy" if, as relevant here, "the Secretary has determined that such levy is causing an economic hardship due to the financial condition of the taxpayer." Elsewhere, the Code defines taxpayer as "any person subject to any internal revenue tax." 26 U.S.C. § 7701(a)(14). And the definition of person includes both "an individual" and a "company or corporation." *Id.* § 7701(a)(1).

Lindsay Manor thus argued it could qualify for hardship relief under § 6343(a)(1)(D). Specifically, it claimed the levy "would prevent it from being able to carry on its trade or business (i.e., to provide adequate care and treatment to its patients)," and leave it unable "to meet its payroll and other basic necessities, which in turn would result in patients not receiving the needed care from qualified healthcare providers." R., Vol. 1 at 103. Lindsay Manor therefore asked the IRS not to levy its account receivables, Medicaid and Medicare funding, private pay, and bank accounts.

An IRS Settlement Officer denied relief. Though the economic-hardship provision applies to "taxpayers"—a term expressly defined to include both corporations and individuals—the Officer nevertheless concluded the provision applied only to individual taxpayers. He did so because a regulation, 26 C.F.R.

---

[1](...continued)
installment agreement, rather than in a lump sum.

§ 301.6343-1, interprets § 6343(a)(1)(D)'s economic hardship provision to exclude corporate taxpayers.

Lindsay Manor appealed to the Tax Court, arguing the regulation was invalid because it directly conflicted with the statute. The Tax Court was unpersuaded. Applying the familiar two-step framework from *Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 842–43 (1984), the court upheld the regulation. At *Chevron* step one, it found the statute ambiguous on whether the economic-hardship provision applied to both individual and corporate taxpayers. *Id.* And moving to step two's deferential terrain, it concluded the regulation reasonably limited relief to individual taxpayers. Lindsay Manor appealed to this court, arguing the Tax Court erred by failing to invalidate 26 C.F.R. § 301.6343-1.

While this appeal was pending, the government informed us that circumstances on the ground had changed. Lindsay Manor currently does not—and cannot—operate nursing homes in the State of Oklahoma. In short, Lindsay Manor defaulted on lease payments it owed another company, Trinik. On July 1, 2016—about nine months before the Tax Court issued its opinion—Trinik filed a petition in the District Court of Oklahoma County, Oklahoma seeking the appointment of a receiver over numerous corporations Sam Jewell owned, including Lindsay Manor. The court granted the petition that same day. Its order directed the *receiver* to thereafter "operate the Facilities as nursing facilities."

-4-

Mot. to Dismiss Ex. E. The receiver initially operated the nursing homes, but subsequently entered into operation transfer agreements, under which third parties took control of the nursing home facilities Lindsay Manor used to operate. What is more, Oklahoma no longer lists Lindsay Manor as a licensed nursing home facility.

Because the basis upon which Lindsay Manor requested hardship relief ceased to exist, the government moved to dismiss the case as moot. In response, Lindsay Manor claimed a live controversy remains because it is still liable to the IRS for the unpaid taxes. Alternatively, if we conclude this appeal is moot, Lindsay Manor asks us to vacate the Tax Court's decision.

## II. Analysis

We conclude this case is moot, and we vacate the Tax Court's decision.

### A.    *Mootness*

"The constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases or controversies." *Keller Tank Servs. II v. Comm'r*, 854 F.3d 1178, 1193 (10th Cir. 2017). That a case presents a justiciable case or controversy at its inception does not give us continual jurisdiction over the case. Rather, if at anytime during a case's (sometimes long) life a party lacks a "personal stake in the outcome of the lawsuit . . . so the question decided affects the rights of the litigants," the case is moot. *Id.* Stated more simply, if "granting relief for the issues before the court"

-5-

would have no "effect in the real world," then the case is moot and must be dismissed. *Id.*

This case is moot because Lindsay Manor lacks a "personal stake in the outcome of the lawsuit." *Id.* The only issue on appeal is whether the Tax Court erred by concluding 26 C.F.R. § 301.6343-1 permissibly limits 26 U.S.C. § 6343(a)(1)(D) to individual taxpayers. If we conclude the regulation is invalid and the provision *could*, as a legal matter, apply to corporate taxpayers, we would remand the case to the Tax Court to determine whether Lindsay Manor, as a factual matter, is entitled to such relief. Yet before the IRS Settlement Officer and the Tax Court, Lindsay Manor argued it qualified for economic hardship relief *only* because imposing the levy would leave it unable to "provide adequate care for its patients." R., Vol. 1 at 103. This ground for relief no longer exists. Ever since the appointment of the receiver in July 2016, Lindsay Manor has not cared for any patients because it has not operated any nursing homes.

Our resolution of this appeal, then, will not affect Lindsay Manor. We can either affirm the Tax Court's denial of economic hardship relief, or remand the case. In both scenarios, Lindsay Manor will receive no relief under § 6343(a)(1)(D). *Id.* Lindsay Manor therefore lacks a "personal stake in the outcome of the lawsuit," and we must dismiss this appeal. *Keller Tank Servs. II*, 854 F.3d at 1193.

Lindsay Manor nevertheless contends a live controversy still exists because it remains liable for over one-hundred thousand dollars of taxes. After all, it emphasizes, the IRS still plans to come calling for this money when litigation concludes. But Lindsay Manor's tax liability has nothing to do with this case. This appeal presents one merits issue related to the economic-hardship provision. So if we decided this appeal's merits, we would not address—and the decision could not affect—Lindsay Manor's underlying tax liability. This liability thus does not make this case a live, justiciable controversy.

Nor are we persuaded by the cases Lindsay Manor relies on to support this tax-liability argument. It cites a number of cases, such as *Willson v. Commissioner*, 805 F.3d 316, 320–21 (D.C. Cir. 2015), which stand for the proposition that an appeal from the Tax Court is moot if no underlying tax liability exists. But these cases do not prove the inverse—that a case cannot be moot if tax liability still exists, regardless of whether that liability is at issue in the case.

Further, Lindsay Manor argues it *could* begin operating nursing homes again by applying for a new license. This is plainly speculative. And speculation cannot save a case from being moot. *See F.E.R. v. Valdez*, 58 F.3d 1530, 1533 (10th Cir. 1995); *cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

### B. *Vacatur*

Lindsay Manor asks us to vacate the Tax Court's decision because this case became moot while the appeal was pending. We agree vacatur is appropriate, but for a slightly different reason: this case was moot when the Tax Court published its decision.

"If an actual case or controversy ceases to exist during the course of tax court proceedings, the tax court must dismiss the case as moot." *Willson*, 805 F.3d at 320. This case became moot when the court appointed the receiver. After that, Lindsay Manor no longer operated any nursing homes and consequently could not receive economic-hardship relief. The Tax Court published its decision on March 23, 2017—over six months *after* the receiver had been appointed and *after* the case had become moot. Rather than deciding the case's merits, then, the Tax Court should have "dismiss[ed] the case as moot." *Id.* Vacatur is therefore appropriate.

## III. Conclusion

We therefore **GRANT** the government's motion to **DISMISS** the case as moot and **VACATE** the Tax Court's decision.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge