Ruesch v. Commissioner of Internal Revenue

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty.

PRESENT:  DENNIS JACOBS,
                RICHARD J. SULLIVAN,
                    *Circuit Judges*,
                JESSE M. FURMAN,
                    *District Judge.* *

-----------------------------------------------------------------

VIVIAN RUESCH,

                *Petitioner-Appellant*,

          v.                        No. 19-500-ag

COMMISSIONER OF INTERNAL REVENUE,

                *Respondent-Appellee*.

-----------------------------------------------------------------

* Judge Jesse M. Furman of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:                     FRANK AGOSTINO, Agostino & Associates, P.C., Hackensack, N.J.

FOR APPELLEE:                     MARION E.M. ERICKSON, Attorney (Michael J. Haungs, Attorney, *on the brief*), *for* Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Tax Division, U.S. Department of Justice, Washington, D.C.

Appeal from an order of the United States Tax Court (Michael B. Thornton, *Judge*) dismissing the case and denying Petitioner-Appellant's motion to restrain assessment or collection, or order a refund.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the United States Tax Court is **AFFIRMED**.

Petitioner-Appellant Vivian Ruesch ("Appellant") appeals an order from the United States Tax Court dismissing her case as moot and for lack of jurisdiction, and denying her "motion to restrain assessment or collection or to order refund of amount collected." Special Appendix ("SPA") at 8. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and recount only those facts necessary to resolve this appeal.

2

On May 29, 2017, the Internal Revenue Service ("IRS") sent Appellant a "Notice of Levy" related to her income tax for the 2010 tax year. The notice indicated that the IRS had levied $63 from her state tax refund and applied it to her outstanding income tax liability for 2010. The notice also informed Appellant that she still owed $326.66 for her 2010 income taxes, and cautioned that it was possible the IRS would seize more property if Appellant did not pay the full amount owed by June 28, 2017. In June 2017, Appellant requested a Collection Due Process ("CDP") hearing to challenge the notice. Later in 2017, the Internal Revenue Appeals Office ("Appeals Office") conducted a hearing, and on January 3, 2018, sent Appellant a decision letter – which the parties now agree was a notice of final determination ("Notice of Determination") for the Notice of Levy – concluding that, while the Notice of Levy was appropriate, Appellant's "account ha[d] been resolved" given that she had paid her 2010 income tax liability in full. App'x at 18. Notwithstanding this favorable disposition, Appellant appealed the Notice of Determination to the Tax Court on January 31, 2018.

On February 12, 2018, the IRS sent Appellant another notice, this time informing her that it had assessed a $10,000 civil penalty against her pursuant to 26 U.S.C. § 6038(b) for failure to file a Form 5471, Information Return of U.S.

3

Persons with Respect to Certain Foreign Corporations, in the 2010 tax year. Unlike the Notice of Levy, which focused exclusively on Appellant's 2010 income tax liability, the § 6038(b) penalty arose from her failure to file the Form 5471 with respect to a corporation in which Appellant's husband had an interest. Following the § 6038(b) notice, Appellant requested another CDP hearing as to this penalty; to date, no hearing has yet been scheduled, or determination made, by the IRS.

On January 30, 2019, the Tax Court concluded that Appellant's appeal of the January 3, 2018 Notice of Determination was moot because she no longer owed income tax for the 2010 tax year, and the IRS was "no longer pursuing any collection action with respect to those liabilities." SPA at 5. The Tax Court also concluded that it lacked jurisdiction to consider her challenges to the § 6038(b) civil penalty, because that penalty constituted a "separate and distinct" action from her 2010 income tax liability, and because the Appeals Office had not yet made a determination regarding that penalty. Appellant now appeals that 2019 decision, arguing that the Tax Court should have reviewed the § 6038(b) penalty, and that res judicata precludes the Commissioner from pursuing that penalty in the future.

We review the Tax Court's legal conclusions, including its interpretation of statutes "delimiting the scope of its own jurisdiction," *de novo*, *Maier v. Comm'r*,

4

360 F.3d 361, 363 (2d Cir. 2004), and its factual findings for clear error, *see Wright v. Comm'r*, 571 F.3d 215, 219 (2d Cir. 2009). "The Tax Court is a court of limited jurisdiction that possesses only those powers expressly conferred upon it by Congress; it may exercise jurisdiction only pursuant to specific legislative enactments." *Wright v. Comm'r*, 571 F.3d 215, 219 (2d Cir. 2009). Congress has provided that "[t]he Tax Court shall have no jurisdiction . . . to enjoin any action or proceeding unless a timely appeal has been filed . . . and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates." 26 U.S.C. § 6330(e).

An appeal to the Tax Court is generally considered moot when the unpaid tax liability has been paid, the respondent is no longer seeking the proposed levy, or the petitioner is no longer seeking a refund of amounts previously levied. *See Greene-Thapedi v. Comm'r*, 126 T.C. 1, 7 (2006) (collecting cases). "[I]f a case raises a question within the jurisdictional purview of the [T]ax [C]ourt, and that question is subsequently resolved, the case is moot notwithstanding the existence of other live controversies between the taxpayer and the IRS that do *not* fall within the [T]ax [C]ourt's jurisdiction." *Willson v. Comm'r*, 805 F.3d 316, 320 (D.C. Cir. 2015); *see Wright*, 571 F.3d at 220 (concluding that the Tax Court wrongly dismissed a

5

case as moot when it still had jurisdiction to resolve an issue raised prior to the CDP hearing).

On appeal, Appellant contends that her case is not moot because she is still challenging the $10,000 penalty assessed by the IRS on February 12, 2018. Relying on a series of academic articles, Appellant essentially argues that the Tax Court can hear all issues relevant to the 2010 tax period, and the § 6038(b) penalty falls within this category because the form she allegedly failed to file – the Form 5471 – would generally be attached to the 2010 Form 1040. In *Wright*, however, we held that the Tax Court ought to consider all issues over which it has statutory jurisdiction that were "final" as part of the Notice of Determination. 571 F.3d at 220. This is because the Tax Court's jurisdiction "depends upon the issuance of a valid notice of determination . . . ." *Kaplan v. Comm'r*, 552 F. App'x 77, 78 (2d Cir. 2014); *see also Freije v. Comm'r*, 125 T.C. 14, 25 (2005) (concluding that the Tax Court's "jurisdiction is defined by the scope of [a notice of] determination" issued by the Appeals Office).

Here, the Notice of Determination was issued on January 3, 2018, well before the § 6038(b) penalty was assessed on February 12, 2018. Therefore, it was impossible for the $10,000 penalty to be considered at the CDP hearing, or for the

6

Appeals Office to decide through the Notice of Determination whether Appellant's challenges to that penalty were meritorious. Following the Court's logic in *Wright*, we agree with the Commissioner that the January 3, 2018 Notice of Determination was not the IRS's final determination as to the § 6038(b) penalty. Absent such a final determination, the Tax Court lacked jurisdiction over the § 6038(b) penalty and therefore properly dismissed the case. Of course, Appellant may continue to challenge the § 6038(b) penalty at another CDP hearing, to which the Commissioner concedes she is entitled to, *see* 26 C.F.R. § 301.6330-1(d), and which is "in process," Commissioner's Brief at 25. It is in that proceeding, not here, that Appellant should press her argument that the § 6038(b) penalty is barred by *res judicata*, an issue on which we intimate no view.

We have considered the rest of Appellant's arguments and find them to be without merit. Accordingly, we AFFIRM the decision of the Tax Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court