T.C. Memo. 2021-112

UNITED STATES TAX COURT

MICHAEL D. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[1]

Docket No. 18104-17L.                    Filed September 23, 2021.

<u>Steven R. Mather</u>, for petitioner.

<u>Kevin W. Coy</u>, <u>Hans Famularo</u>, <u>Regina S. Moriarty</u>, and <u>Francesca M.</u>
<u>Ugolini</u>, for respondent.

---

[1]This opinion supplements our previously filed opinion <u>Brown v.</u>
<u>Commissioner</u>, T.C. Memo. 2019-121, <u>aff'd in part, vacated in part, and remanded</u>,
826 F. App'x 673 (9th Cir. 2020).

[*2]                SUPPLEMENTAL MEMORANDUM OPINION

KERRIGAN, Judge:  The U.S. Court of Appeals for the Ninth Circuit remanded this case with instructions to consider whether this Court has jurisdiction to order the refund of a Tax Increase Prevention and Reconciliation Act (TIPRA) payment.  See Brown v. Commissioner (Brown II), 826 F. App'x 673 (9th Cir. 2020), aff'g in part, vacating in part, and remanding Brown v. Commissioner (Brown I), T.C. Memo. 2019-121.  In response to the remand respondent filed a motion to dismiss for lack of jurisdiction as to the request for refund of the TIPRA payment.  Pursuant to Brown II, the issue for our consideration is whether this Court has jurisdiction to order the refund of a TIPRA payment.

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect at all relevant times.

## Background

Facts with respect to this case were found in our original opinion, Brown I, and are incorporated by this reference.  We clarify and add to the facts to address respondent's motion to dismiss for lack of jurisdiction.

This collection due process (CDP) case was commenced in response to two Notices of Determination Concerning Collection Action(s) Under Section 6320

[*3] and/or 6330 dated August 11, 2017, upholding two Federal tax lien filings regarding petitioner's unpaid tax liabilities for 2007 and 2014.

Petitioner timely requested a CDP hearing under sections 6320 and/or 6330 in response to respondent's administrative collection activities for his 2007 and 2014 tax years. He submitted Form 656, Offer in Compromise (OIC), due to doubt as to collectability. The OIC covered years 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2009, 2010, and 2014. Petitioner included a TIPRA[2] payment of $80,000 and an application fee of $186 with the OIC. Petitioner did not request the TIPRA payment be applied against a specific year's tax liability.

Respondent applied the $80,000 TIPRA payment against petitioner's 2001 tax liability on, or about, November 21, 2016. On his Form 656 petitioner acknowledged that his TIPRA payment was a nonrefundable payment of tax and that the TIPRA payment would not be refunded to him if the OIC was withdrawn, rejected, or returned.

---

[2]The Tax Increase Prevention and Reconciliation Act of 2005, Pub. L. No. 109-222, sec. 509(a), 120 Stat. at 362, enacted new sec. 7122(c), effective for OICs submitted on or after July 16, 2006. Sec. 7122(c)(1)(A)(i) requires that the submission of any lump-sum OIC "be accompanied by the payment of 20 percent of the amount of such offer." See also Notice 2006-68, 2006-2 C.B. 105.

**[*4]**   On August 25, 2017, petitioner commenced a timely CDP case before the U.S. Tax Court challenging the notices of determination.  He contended that it was an abuse of discretion for respondent to decline petitioner's OIC request and not refund the TIPRA payment included with his Form 656 submission.  Petitioner attempted to characterize the TIPRA payment as a 20% "deposit".  In Brown I this Court considered whether respondent abused his discretion by refusing to refund the $80,000 TIPRA payment, and we concluded that there was no abuse of discretion.

## Discussion

Section 7122(c)(1)(A)(i) requires that the submission of any lump-sum OIC be accompanied by a payment of 20% of the offer amount.  Any OIC paid in five or fewer payments is considered a lump-sum OIC.  Sec. 7122(c)(1)(A)(ii).  The legislative history of section 7122(c) refers to the 20% payment as a "partial payment" or "down payment" of the taxpayer's liability.  H.R. Conf. Rept. No. 109-455, at 234 (2006), 2006 U.S.C.C.A.N. 234, 420-421.  The 20% payment of the offer amount is treated as a payment of tax rather than a refundable deposit under section 7809(b) or section 301.7122-1(h), Proced. & Admin. Regs.  See Notice 2006-68, sec. 1.02, 2006-2 C.B. 105, 105.

**[\*5]**     Under section 7122(c)(2)(A) the taxpayer may specify how he or she wants the TIPRA payment applied by making a request in writing when he or she submits the OIC.  Notice 2006-68, sec. 1.04, 2006-2 C.B. at 105.  If no such specification is made, the IRS will apply the TIPRA payment in the best interest of the Government.  Id.  This Court has held that the TIPRA payment "constitutes a nonrefundable, partial payment of the taxpayer's liability" in normal circumstances.  Isley v. Commissioner, 141 T.C. 349, 372 (2013).

We need to decide whether the Court has jurisdiction to consider the request for refund of petitioner's TIPRA payment.  This Court is a court of limited jurisdiction and has only such jurisdiction as is granted it by the Code.  Sec. 7442; Medeiros v. Commissioner, 77 T.C. 1255, 1259 (1981).  The Code is interspersed with grants of jurisdiction.

Sections 6320(c) and 6330(d)(1) provide for judicial review of an adverse CDP determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000).  Therefore, the Court has jurisdiction in this case pursuant to sections 6320(c) and 6330(d)(1).  Petitioner contends that pursuant to section 6512(b) the Court has express refund jurisdiction in a case in which the Court has already acquired jurisdiction.  We disagree.

**[*6]** Section 6512(b), contrary to petitioner's contention, does not grant this Court refund jurisdiction in all cases in which the Court has already acquired jurisdiction. Rather, section 6512(b)(2) is an express grant of jurisdiction "to order the refund of such overpayment and interest." For a refund to be governed under section 6512(b), a notice of deficiency is required. The Tax Court's jurisdiction in this case, however, does not derive from the mailing of a notice of deficiency. This Court's jurisdiction under section 6512 cannot be invoked in this matter with respect to the TIPRA payment because this proceeding is not based on a post-decision action to modify a decision in a deficiency case under section 6213 or section 7481(c) or (d).

Rather, the Tax Court's jurisdiction in this case derives from sections 6320 and 6330. These Code sections do not grant the Tax Court jurisdiction to refund any payment of tax under section 6512(b) or any other Code section. The Tax Court and the U.S. Court of Appeals for the District of Columbia Circuit have held that section 6330 does not give the Court jurisdiction to determine an overpayment or order a refund or credit of taxes paid. Willson v. Commissioner, 805 F.3d 316 (D.C. Cir. 2015); Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006); see McLane v. Commissioner, T.C. Memo. 2018-149.

**[\*7]**   Petitioner would not be able to invoke the Tax Court's refund jurisdiction under section 6512 even if he had challenged the underlying tax liabilities in this matter.  See Greene-Thapedi v. Commissioner, 126 T.C. at 8-9.  Putting a tax liability at issue in a CDP proceeding does not convert the proceeding to a deficiency proceeding under section 6213 or section 7481(c) or (d).

Petitioner further argues that this Court's refusal to order refunds of TIPRA payments in this case and Isley creates an "established precedent" that we have jurisdiction over the issue before us in this case.  This is incorrect.  The Court declined to address the issue of whether it has jurisdiction to order refund of TIPRA payments in both Brown I and Isley v. Commissioner, 141 T.C. at 373.

In Brown I the Court determined that it was not an abuse of discretion not to refund the payment.  In Isley v. Commissioner, 141 T.C. at 373, the Court did not determine whether the Court has jurisdiction to refund a TIPRA payment because the Court determined there was no abuse of discretion.

In accordance with the foregoing, we find that this Court does not have jurisdiction to order a refund of petitioner's TIPRA payment.  Respondent's motion to dismiss for lack of jurisdiction as to this issue will be granted.

**[*8]**   We have considered all other arguments made and facts presented in reaching our decision, and to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.