154 T.C. No. 13

UNITED STATES TAX COURT

VIVIAN RUESCH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6188-19P.                    Filed June 25, 2020.


P failed to pay assessed penalties under I.R.C. sec. 6038 total-
ing $160,000. R certified P's liability for those penalties to the Secre-
tary of State as a "seriously delinquent tax debt" within the meaning
of I.R.C. sec. 7345(b). P filed a petition challenging the correctness
of R's certification as well as her underlying liability for the penalties.

R subsequently discovered that P had timely requested a col-
lection due process hearing with respect to the I.R.C. sec. 6038 penal-
ties. That request suspended collection of her tax debt so that it was
no longer "seriously delinquent." See I.R.C. sec. 7345(b)(2)(B)(i). R
accordingly reversed his certification as erroneous and so notified the
Secretary of State.

R filed a motion to dismiss for lack of jurisdiction insofar as P
seeks to challenge in this case her underlying liability for the penal-
ties. Because the certification that P disputed has been reversed, R
filed a separate motion to dismiss on the ground of mootness. P ob-
jected to the granting of both motions.

- 2 -

Held: We do not have jurisdiction, under I.R.C. sec. 7345 or otherwise, to consider in this case petitioner's challenge to her underlying liability for the penalties.

Held, further, we have jurisdiction to review P's challenge to R's certification of her liabilities as "seriously delinquent." See I.R.C. sec. 7345(e). However, because R has reversed that certification as erroneous and so notified the Secretary of State, P's challenge in that respect is moot.

Held, further, because there remains no live controversy between P and R over which we have jurisdiction, this case is moot.

Frank Agostino, Phillip J. Colasanto, and Andrew D. Lendrum, for petitioner.

Christina L. Holland, Douglas S. Polsky, and Christopher D. Davis, for respondent.

OPINION

LAUBER, Judge: This passport case is before the Court on dispositive motions filed by the Internal Revenue Service (IRS or respondent). Section 7345, enacted in 2015, is captioned "Revocation or Denial of Passport in Case of Certain

Tax Delinquencies."[1]  It provides that, if the Commissioner certifies that an individual has a "seriously delinquent tax debt," the Secretary of the Treasury "shall transmit such certification to the Secretary of State for action with respect to denial, revocation, or limitation of a passport."  Sec. 7345(a).  A taxpayer aggrieved by such action may petition this Court "to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification." Sec. 7345(e)(1).  If this Court "determines that such certification was erroneous, then the [C]ourt may order the Secretary to notify the Secretary of State that such certification was erroneous."  Sec. 7345(e)(2).

The IRS assessed $160,000 of penalties against petitioner under section 6038, and she did not pay that liability upon notice and demand.  The Commissioner subsequently certified that petitioner was an individual owing a "seriously delinquent tax debt."  See sec. 7345(b).  Petitioner filed a petition seeking three forms of relief:  (1) redetermination of the penalties assessed against her, which she contends were illegally assessed; (2) a determination that the Commissioner erred in certifying her as a person having a seriously delinquent tax debt; and (3) a determination that the Commissioner erred in failing to reverse his certification.

---

[1]All statutory references are to the Internal Revenue Code (Code) in effect at all relevant times.  We round all monetary amounts to the nearest dollar.

The IRS thereafter discovered that petitioner had timely requested a collection due process (CDP) hearing. Her request for a CDP hearing suspended collection of her tax debt, so that it was no longer "seriously delinquent." See sec. 7345(b)(2)(B)(i). The IRS accordingly reversed its certification as erroneous and so notified the Secretary of State. See sec. 7345(c)(1), (2)(D).

Respondent has filed a motion to dismiss for lack of jurisdiction and a motion to dismiss on grounds of mootness. Respondent contends that we lack jurisdiction to decide, in this passport case, petitioner's underlying liability for the penalties. With respect to the passport claims over which we do have jurisdiction, respondent contends that petitioner has already received all of the relief that she requested in her petition, that this Court can provide no further relief at this juncture, and that the case is therefore moot. We agree with respondent in both respects and accordingly will grant both of his motions.

## Background

The following facts are derived from the pleadings, the parties' motion papers, and the exhibits attached thereto. Petitioner resided in New York when she petitioned this Court.

On February 12, 2018, the IRS assessed against petitioner $160,000 in penalties under section 6038 for failing to file information returns with respect to for-

eign corporations for tax years 2005-2010. On April 16, 2018, the IRS issued petitioner a Notice CP504, Notice of Intent to Seize (Levy) Your Property or Rights to Property, notifying her of its intent to levy on a State income tax refund. In response to that notice petitioner submitted, on May 15, 2018, an appeal under the IRS Collection Appeals Program (CAP appeal). Because of a computer coding error, the IRS misclassified petitioner's CAP appeal as a request for a CDP hearing.[2]

In September 2018 the IRS filed a notice of Federal tax lien (NFTL) with respect to petitioner's penalty liability, and on September 20, 2018, it sent her a Notice of Federal Tax Lien Filing and Your Right to a Hearing (lien notice). On October 11, 2018, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, with respect to the lien notice. The IRS did not properly record petitioner's hearing request and did not immediately afford her a CDP hearing.

On December 17, 2018, the IRS sent petitioner a Notice CP508C, Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the State Depart-

---

[2]The Notice CP504 instructed petitioner that she could submit an appeal by filing a Form 9423, Collection Appeal Request. Petitioner appears to have responded by sending a Form 9423 and concurrently requesting a CDP hearing. See Internal Revenue Manual (IRM) pt. 8.24.1.2 (Sept. 3, 2019) (distinguishing between CAP and CDP appeal rights); see also id. pt. 5.1.9.2 (Aug. 30, 2018). Petitioner's submission of both forms seems to have triggered the coding error.

ment. This notice advised petitioner that the IRS had certified to the State Department that she was a person owing a "seriously delinquent tax debt," namely, her liability for the section 6038 penalties plus interest thereon.[3] On April 8, 2019, petitioner filed a petition with this Court. In her petition she challenged the correctness of the Commissioner's certification, as well as her underlying liability for the penalties.

A "seriously delinquent tax debt" is defined to exclude a debt with respect to which a CDP hearing has been requested or is pending. Sec. 7345(b)(2)(B)(i). On May 13, 2019, relying on its erroneous coding of petitioner's CAP appeal as a CDP hearing request, the IRS reversed its certification of petitioner's tax debt as "seriously delinquent." The IRS discovered its coding error several days later. On May 20, 2019, the IRS again certified petitioner to the State Department as a person owing a seriously delinquent tax debt and issued a new notice of such certification to petitioner.

---

[3]Section 7345 outlines a two-step procedure whereby the Commissioner sends certification to the Secretary of the Treasury, who then transmits the certification to the Secretary of State. In practice, the IRS follows a one-step procedure whereby the Commissioner, as the Secretary's delegate, transmits the certification directly to the State Department. See sec. 7701(a)(11); IRM pt. 5.1.12.27.1, 6, 8 (Dec. 20, 2017).

On May 24, 2019, respondent filed a motion to dismiss this case for lack of jurisdiction insofar as petitioner seeks redetermination of her underlying liability for the penalties. Respondent noted petitioner's allegation, set forth in her petition, that she had requested a CDP hearing with respect to the lien notice. Respondent represented that the IRS was investigating whether it had actually received such a request. If the answer to that question was yes, respondent represented that the IRS "will reverse the certification of these liabilities as seriously delinquent Federal tax debts to the State Department and move to dismiss the remaining claims as moot."

On September 26, 2019, respondent filed a motion to dismiss on grounds of mootness. He represented that IRS records "did not reflect receipt of * * * [petitioner's] CDP hearing request" regarding the lien notice when she initially submitted that request on October 11, 2018. However, the IRS subsequently determined that "the CDP hearing request was in fact timely," that the IRS had received it on October 12, 2018, and that the IRS had "processed it accordingly." Respondent represents that petitioner has now been offered the CDP hearing that she requested and that her underlying liability claims are currently pending before a settlement officer with the IRS Appeals Office in New York City.

Given the pendency of the CDP proceeding, the IRS reversed, on September 2, 2019, its certification of petitioner as a person owing a "seriously delinquent tax debt." Respondent represents that "the Secretary of State has been accordingly notified." Urging that petitioner has received with respect to her passport claims the relief she requested in her petition, and that this Court can afford her no further relief, respondent contends that this case has become moot.

Petitioner opposed both of respondent's motions, asserting that her underlying liability claims may properly be considered in this passport proceeding and that the reversal of the certification does not moot her case. We held a hearing on the motions during the Court's trial session in New York City on January 13, 2020. Petitioner has not disputed, in her written submissions or in oral argument, that the IRS has reversed its certification, that the IRS has notified the State Department of that reversal, or that her underlying liability claims with respect to the penalties are currently pending before the IRS Appeals Office.

## Discussion

A.  Section 7345 Overview

Section 7345(a) provides that, if the IRS certifies that a taxpayer has "a seriously delinquent tax debt," that certification shall be transmitted "to the Secretary of State for action with respect to denial, revocation, or limitation of the taxpayer's

passport." The IRS is responsible for notifying the taxpayer contemporaneously with the making of such certification. Sec. 7345(d).

A "seriously delinquent tax debt" is a Federal tax liability that has been assessed, exceeds $50,000 (adjusted for inflation), is unpaid and legally enforceable, and with respect to which a lien notice has been filed or levy made. Sec. 7345(b)(1), (f). However, a seriously delinquent tax debt excludes "a debt with respect to which collection is suspended * * * because a due process hearing under section 6330 is requested or pending." Id. subsec. (b)(2)(B)(i). If a certification "is found to be erroneous or if the debt with respect to such certification * * * ceases to be a seriously delinquent tax debt by reason of subsection (b)(2)," the IRS must reverse its certification and notify the Secretary of State and the taxpayer. Id. subsecs. (c)(1), (d). "In the case of a certification found to be erroneous, such notification shall be made as soon as practicable after such finding." Id. subsec. (c)(2)(D).

Section 7345(e)(1) permits a taxpayer who has been certified as having a seriously delinquent tax debt to petition this Court to determine "whether the certification was erroneous or whether the * * * [IRS] has failed to reverse the certification." If we find that a certification was erroneous, we "may order the Secretary [of the Treasury] to notify the Secretary of State that such certification was erron-

eous." Sec. 7345(e)(2). The statute specifies no other form of relief that we may grant.

B.     Jurisdiction

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. See sec. 7442; Wright v. Commissioner, 571 F.3d 215, 219 (2d Cir. 2009); Estate of Young v. Commissioner, 81 T.C. 879, 881 (1983). We are "without authority to enlarge upon that statutory grant." Kasper v. Commissioner, 137 T.C. 37, 40 (2011). Respondent's motion to dismiss for lack of jurisdiction requires that we determine whether we have jurisdiction, in this case, to address petitioner's challenge to her underlying liability for the section 6038 penalties.

Our jurisdiction over passport cases is defined by section 7345(e), captioned "Judicial review of certification." It provides that a taxpayer who has received a notification under section 7345(d) "may bring a civil action against the United States in a [Federal] district court * * * or against the Commissioner in the Tax Court." Sec. 7345(e)(1). The statute specifies no time limit for the commencement of such a civil action. Cf. sec. 6213(a) (requiring that a petition in a deficiency case be filed within 90 days of the mailing of a notice of deficiency). Petitioner filed her petition on April 8, 2019, which was 112 days after the Notice

CP508C was sent to her. Section 7345(e)(1) supplies no basis for finding her petition untimely.

Section 7345(e)(1) circumscribes quite narrowly our jurisdiction in passport cases. The only determination we are authorized to make is whether the Commissioner's certification of a taxpayer as a person having a seriously delinquent tax debt (or his failure to reverse a certification) "was erroneous." Sec. 7345(e)(1). And the only relief we are authorized to grant is to order respondent "to notify the Secretary of State that such certification was erroneous." Sec. 7345(e)(2).

The statute's legislative history emphasizes the narrow scope of our jurisdiction in such cases. The conference report stated that section 7345 provides "limited judicial review of the certification or a failure to reverse a certification." H.R. Conf. Rept. No. 114-357, at 532 (2015). The Joint Committee on Taxation similarly described the statute as "allow[ing] limited judicial review of a wrongful certification (or failure to decertify)." Staff of J. Comm. on Taxation, General Explanation of Tax Legislation Enacted in 2015, at 93 (J. Comm. Print 2016). It explained that the Court, upon determining that a certification was erroneous, "may order the Secretary of the Treasury to notify the Secretary of State of the error. No other relief is authorized." Ibid.

In short, section 7345(e) limits our jurisdiction to determining whether the Commissioner erred in certifying (or in failing to reverse a certification) that a taxpayer owes a "seriously delinquent tax debt" as defined in section 7345(b). We are thus authorized to consider (for example) whether the taxpayer's assessed Federal tax liability exceeds $50,000 (as adjusted for inflation), whether the IRS has commenced collection action with respect to that liability, whether collection of the tax debt is suspended because a CDP hearing is pending, or whether the taxpayer is paying the tax debt in a timely manner under a collection alternative. See sec. 7345(b). We are also authorized to consider whether the tax debt "has been fully satisfied or has become legally unenforceable." Sec. 7345(c)(2)(A). The latter would be true where the collection period of limitations had expired. See sec. 6502(a).[4]

There is nothing in the text of section 7345 that authorizes us to redetermine petitioner's underlying liability for the penalties the IRS has assessed. Where Congress has authorized us to consider a taxpayer's underlying liability for an

---

[4]Cf. sec. 6325(a)(1) (cross-referenced in sec. 7345(c)(2)(A)) (providing that the Secretary shall release a tax lien if "the liability for the amount assessed * * * has been fully satisfied or has become legally unenforceable"); sec. 6402(e)(5)(B) (defining a "past-due, legally enforceable State income tax obligation," for purposes of authorizing intercept of a taxpayer's Federal income tax refund, to include an assessed tax "which has not been delinquent for more than 10 years").

assessed tax when reviewing IRS administrative action in other contexts--for example, in CDP cases--Congress has made this clear in the statute's text. See sec. 6330(c)(2)(B) (authorizing review of "challenges to the existence or amount of the underlying tax liability" in specified circumstances). Congress included no such authorization in section 7345.[5]

Nor has petitioner cited any other Code provision that grants us jurisdiction to determine, at this juncture, her underlying liability for the section 6038 penalties. After the IRS mails a taxpayer a timely notice of deficiency, this Court has jurisdiction to redetermine deficiencies in income, estate, and gift taxes "imposed by subtitle A or B" and deficiencies in certain excise taxes imposed by "chapter 41, 42, 43, or 44." Secs. 6212(a), 6213(a). The section 6038 penalties assessed against petitioner are imposed by subtitle F, chapter 61, and thus lie outside our deficiency jurisdiction. Petitioner does not contend that she received a notice of

---

[5]Petitioner urges that the statute authorizes us to exercise de novo review to consider "the law and evidence necessary to determine whether the underlying assessment made is legally enforceable" within the meaning of section 7345(b)(1). Petitioner cites no authority for the proposition that this Court would exercise de novo review of the Secretary's certification (or refusal to reverse a certification). The statute is silent on that point, and this Court has not yet decided the proper standard or scope of review in passport cases. In any event, our review would extend only to considering whether an assessed tax "has been fully satisfied or has become legally unenforceable," sec. 7345(c)(2)(A) (emphasis added), e.g., by expiration of the collection period of limitations. Nothing in the statute authorizes us to redetermine the taxpayer's underlying liability for the tax that was assessed.

deficiency with respect to these penalties. The notice she received, upon which this case is based, was the Notice CP508C.

In CDP cases we have jurisdiction to consider a taxpayer's challenge "to the existence or amount of the underlying tax liability * * * if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute [it]." Sec. 6330(c)(2)(B), (d)(1). But our jurisdiction to consider such a challenge is conditioned on the IRS' issuance of a notice of determination following completion of a CDP hearing and the taxpayer's timely petition in response to that notice. See sec. 6330(d)(1); Weber v. Commissioner, 122 T.C. 258, 261 (2004); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001). Petitioner does not contend (nor does the record establish) that she has received a notice of determination rejecting a challenge to the section 6038 penalties. Quite the contrary--a CDP hearing is currently pending before the IRS Appeals Office at which she is making that very argument.

We accordingly conclude that neither section 7345 nor any other Code provision grants us jurisdiction to consider, at this time and in this case, petitioner's contention that the section 6038 penalties were "illegally assessed." Petitioner may have a prepayment forum in this Court for contesting those penalties upon her receipt of a notice of determination following completion of her CDP proceeding.

See Flume v. Commissioner, T.C. Memo. 2017-21 (reviewing an underlying liability challenge to section 6038 penalties in CDP case where taxpayer properly raised that issue during the CDP hearing). Otherwise her remedy is to pay the liability, file a claim for refund, and file a refund suit in Federal District Court or the U.S. Court of Federal Claims. See Bedrosian v. United States, 912 F.3d 144, 149 n.1 (3d Cir. 2018) ("[C]laims brought by taxpayers to recover penalties assessed under section 6038(b) * * * are brought under the tax refund statute[.]"); Dewees v. United States, 272 F. Supp. 3d 96, 102 (D.D.C. 2017) ("Full payment of the amount owed followed by a lawsuit in a district court seeking a refund is a proper procedure for challenging penalties assessed under § 6038."), aff'd, 767 F. App'x 4 (D.C. Cir. 2019).[6]

---

[6]This case represents petitioner's second premature attempt to challenge the section 6038 penalties in this Court. In Ruesch v. Commissioner, T.C. Dkt. No. 2177-18L, aff'd by order, 805 F. App'x 12 (2d Cir. 2020), petitioner sought to challenge these penalties in a CDP case involving collection action for her 2010 tax year. We held that we lacked jurisdiction to address her penalty challenge, noting that the IRS Appeals Office had as yet made "no determination with respect to the section 6038(b) penalty." Id. (order dated Jan. 30, 2019). The U.S. Court of Appeals for the Second Circuit affirmed, stating: "[T]he Tax Court lacked jurisdiction over the § 6038(b) penalty and therefore properly dismissed the case. Of course, * * * [Mrs. Ruesch] may continue to challenge the § 6038(b) penalty at another CDP hearing * * * . It is in that proceeding, not here, that * * * [she] should press her argument * * * [against] the § 6038(b) penalty." Ruesch, 805 F. App'x at 14.

C.    Mootness

Petitioner properly invoked our jurisdiction to determine whether the IRS erred in certifying that she was a person owing a seriously delinquent tax debt. See sec. 7345(e).  Jurisdiction, once properly invoked, generally remains with the Court until we dispose of the controversy.  See Naftel v. Commissioner, 85 T.C. 527, 530 (1985); Dorl v. Commissioner, 57 T.C. 720, 722 (1972), aff'd, 507 F.2d 406 (2d Cir. 1974).  Respondent contends that there remains no justiciable case or controversy between the parties with respect to petitioner's passport claims because the IRS has reversed its certification and so informed the Secretary of State. We agree.

Although the Tax Court is an Article I court, the "case or controversy" requirement under Article III applies to the exercise of our judicial power.  See Battat v. Commissioner, 148 T.C. 32, 46 (2017) (citing cases); Anthony v. Commissioner, 66 T.C. 367, 370 (1976) ("Without a 'case' or 'controversy' before us, we would be exercising nonjudicial powers, and our opinions would not be reviewable[.]" (fn. ref. omitted)), aff'd without published opinion, 566 F.2d 1168 (3d Cir. 1977).  Accordingly, we will dismiss a case as moot if the parties' subsequent actions have produced a situation in which neither party retains any "legally cognizable interest in the outcome."  City of Erie v. Pap's A.M., 529 U.S. 277, 287

(2000) (quoting Cty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). A case becomes moot when "the court can provide no effective remedy because a party has already 'obtained all the relief that [it has] sought.'" Conservation Force, Inc. v. Jewell, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (alteration in original) (quoting Monzillo v. Biller, 735 F.2d 1456, 1459 (D.C. Cir. 1984)).

In the case at hand, the IRS certified petitioner as a person owing a seriously delinquent tax debt. Petitioner, believing that certification to be erroneous, petitioned this Court for review. The relief that she sought--and the relief that the statute authorizes us to grant, if we determine a certification to have been improper-- is an order directing respondent to "notify the Secretary of State that such certification was erroneous." Sec. 7345(e)(2). Here, the IRS has conceded that its certification was erroneous, has reversed its certification, and has so notified the State Department. Because petitioner has received all of the relief that she requested and that we could grant, we are unable to afford her any further relief with respect to her passport claims. As to those claims this case is therefore moot.

D.   Petitioner's Arguments

Petitioner advances several arguments in support of a contrary conclusion. Her principal contention is that this case will not become moot unless and until the

IRS "unconditionally abates the [p]enalties and withdraws the * * * [NFTL filing] with prejudice." We address her arguments in turn.

1. "Voluntary Cessation"

Petitioner relies on the general principle that voluntary cessation of an activity by an offending party does not necessarily render a case moot. See Davis, 440 U.S. at 631. The rationale supporting "voluntary cessation as an exception to mootness is that, while the defendant's unilateral cessation of the challenged conduct may grant the plaintiff relief, the defendant is 'free to return to [its] old ways' --thereby subjecting the plaintiff to the same harm but, at the same time, avoiding judicial review." Qassim v. Bush, 466 F.3d 1073, 1075 (D.C. Cir. 2006) (alteration in original). To investigate this question we normally ask (1) whether there is no reasonable expectation that the alleged violation will recur and (2) whether interim relief or events have completely eradicated the effects of the alleged violation. Davis, 440 U.S. at 631. "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." Ibid.

Both conditions are satisfied here. Two intervening events--the Commissioner's reversal of his certification and his notification to the Secretary of State that the certification was erroneous--have afforded petitioner all of the relief that

she requested with respect to her passport claims. Those actions by respondent have completely eradicated the effect of the erroneous certification, which is the violation that petitioner alleged with respect to these claims.

Nor is there any reasonable expectation that the alleged violation will recur. Petitioner's challenge to her liability for the penalties is now pending in the IRS Appeals Office. Under section 7345(b)(2)(B), the IRS is barred from recertifying petitioner as a person with a seriously delinquent tax debt during the pendency of that CDP proceeding. If petitioner in that proceeding is determined to have no liability for the penalties, there is no reason to believe that the IRS would defy the law by recertifying her anyway. And if she is ultimately determined to be liable for the penalties, a certification by the IRS at that point would not be a "violation," assuming that the other requirements for a "seriously delinquent tax debt" are then met. See sec. 7345(b). If petitioner believed that those other requirements were not met, she would be free to seek review of that future certification in this Court at that time. Any future violation, should it occur, will not escape judicial review.

Petitioner errs in relying on Vigon v. Commissioner, 149 T.C. 97 (2017), a CDP case, to support her contention that this case is not moot. The IRS in that case assessed penalties under section 6702 and filed an NFTL; the taxpayer requested a CDP hearing and challenged his underlying liability. Id. at 98-99. The

IRS subsequently abated the penalties, released the lien, and filed a motion to dismiss the case as moot. Id. at 100-101. We held that the case was not moot because the IRS, regarding the penalties as subject to no period of limitations, reserved the right to reassess those same penalties at any time. Id. at 108, 111.

This case differs from Vigon in two respects. First, section 6330(b)(2) provides that a taxpayer "shall be entitled to only one [CDP] hearing * * * with respect to the taxable period." This provision created a risk that, if we dismissed the CDP case and the IRS later reassessed the penalties, the taxpayer would not be entitled to a second CDP hearing and would thus have no prepayment forum in which to dispute the penalty liability. See Vigon, 149 T.C. at 109 n.6. This idiosyncracy of CDP litigation does not exist here: Petitioner will be perfectly free to seek judicial review of any future certification if and when it should occur.

Second, there is no reasonable expectation here that the alleged violation will recur. The IRS reversed its first certification, due to a computer coding error. Having discovered that error, it recertified petitioner one week later, at a time when her CDP hearing request with respect to the lien notice was not properly recorded. Once the IRS discovered that petitioner had filed a timely CDP hearing request, it promptly reversed its certification a second time.

This track record suggests some deficiencies in respondent's computerized recordkeeping systems. But we see no indication that the IRS is intentionally seeking "to return to [its] old ways" by subjecting petitioner "to the same harm but, at the same time, avoiding judicial review." Qassim, 466 F.3d at 1075. In reversing its certification of petitioner--the first time because of a coding error, the second time after discovering petitioner's CDP hearing request--and then notifying the State Department, the IRS complied with its obligations under section 7345. Congress required that the Secretary of State must be notified "if such certification is found to be erroneous." Sec. 7345(c)(1). And Congress required that, "[i]n the case of a certification found to be erroneous, such notification shall be made as soon as practicable after such finding." Sec. 7345(c)(2)(D). In both instances the IRS sought to comply with its statutory obligations as it (perhaps imperfectly) understood them. There is nothing to suggest that the IRS is lying in wait, intending to pounce on petitioner improperly.

Petitioner's challenge to her underlying liability for the penalties will be addressed during the CDP proceeding, and it is reasonable to expect that any future IRS action regarding certification will be consistent with the outcome of that proceeding. If the IRS again certifies petitioner following the conclusion of that pro-

ceeding, and if she believes that such certification is erroneous, she will be free to seek judicial review by commencing a new passport action at that time.[7]

### 2. Other Arguments

Petitioner contends that a "seriously delinquent tax debt" can be certified and challenged only once, and that res judicata would prevent a taxpayer from contesting a second certification if one were made. Petitioner cites no authority for this proposition, which makes no sense to us. A certification that a taxpayer has a seriously delinquent tax debt is made at a particular time. If the IRS reverses an initial certification and subsequently makes a second certification, the correctness of the latter would depend on the facts existing at that time, e.g., whether the debt exceeded the $50,000 liability threshold (as adjusted for inflation), whether

---

[7]Petitioner relies on two other cases that we likewise find inapposite. In First Rock Baptist Church Child Dev. Ctr. v. Commissioner, 148 T.C. 380 (2017), the Court held that withdrawal of an NFTL filing did not by itself moot the entire CDP case, because other determinations remained before the Court. See id. at 388. Here, the only issue over which we have jurisdiction is the certification of petitioner; that certification has been reversed, the Secretary of State has been so notified, and no other issue remains subject to our review. In Drilling v. Commissioner, T.C. Memo. 2016-103, 111 T.C.M. (CCH) 1445, we held that the case was not moot because, even though part of the liability had been paid, the issue of lien withdrawal remained before the Court. Id. at 1462. Here, there is nothing left for the Court to review and no further relief can be granted. See Willson v. Commissioner, 805 F.3d 316, 320-321 (D.C. Cir. 2015) (dismissing a case as moot notwithstanding a remaining dispute between the IRS and the taxpayer over which the court did not have jurisdiction).

the taxpayer was making payments pursuant to a collection alternative, or whether another statutory exception applied. See sec. 7345(b). Since the correctness of each certification would depend on the facts existing at the time it was made, res judicata would not prevent a taxpayer from challenging a later certification in this Court. See McCleskey v. Zant, 499 U.S. 467, 480 (1991) (noting that res judicata does not apply "when subsequent occurring events have changed the situation of the petitioner so as in fact to present a new case for consideration" (quoting Ex parte Cuddy, 40 F. 62, 66 (C.C.S.D. Cal. 1889))).

Petitioner asks that we exercise "judicial discretion" to issue a ruling that determines her underlying tax liability now, rather than await the outcome of the CDP litigation. Because we currently lack jurisdiction over her underlying liability challenge, we must demur to this request. There clearly remains a dispute between petitioner and the IRS about the penalties, but that dispute does not give rise to a justiciable controversy in this case. "[I]f a case raises a question within the jurisdictional purview of the [T]ax [C]ourt, and that question is subsequently resolved, the case is moot notwithstanding the existence of other live controversies between the taxpayer and the IRS" that currently lie outside this Court's jurisdiction. Willson v. Commissioner, 805 F.3d 316, 320 (D.C. Cir. 2015).

Resolution of petitioner's dispute with the IRS over the penalties would have no effect whatever on the disposition of this passport litigation. The certification petitioner challenged has already been determined to be erroneous--albeit on a different ground than the absence of a tax debt--and the IRS has notified the State Department that the certification was erroneous. These actions have afforded petitioner 100% of the relief that she requested and that we could give. "For us to undertake to resolve issues that would not affect the disposition of this case would, at best, amount to rendering an advisory opinion. This we decline to do." Greene-Thapedi v. Commissioner, 126 T.C. 1, 13 (2006) (citing LTV Corp. v. Commissioner, 64 T.C. 589, 595 (1975)).

Finally, petitioner contends that dismissing this case will result in financial hardship. We are aware of no "financial hardship" exception to the mootness doctrine. A claim of financial hardship may appropriately be advanced at a CDP hearing. See, e.g., sec. 6323(j) (providing grounds for lien withdrawal). Petitioner's vague claim of hardship stemming from the collection action does not entitle her to any relief in this case beyond reversal of the erroneous certification, relief that she has already received.

In consideration of the foregoing,

<u>An order and order of dismissal for</u>

<u>lack of jurisdiction will be entered</u>.