17-3900
Borenstein v. Comm'r of Internal Revenue

# United States Court of Appeals
# for the Second Circuit

AUGUST TERM 2018
No. 17-3900

ROBERTA BORENSTEIN,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent-Appellee.

ARGUED: NOVEMBER 13, 2018
DECIDED: APRIL 2, 2019

Before:     JACOBS, POOLER, WESLEY, Circuit Judges.

Roberta Borenstein appeals from a judgment of the United States Tax Court denying her petition seeking a refund of her overpayment of 2012 income taxes. The Commissioner of Internal Revenue and Borenstein do not dispute that she overpaid, or the amount of her overpayment; however, the Commissioner argues--and the Tax Court agreed--that the Tax Court lacks jurisdiction to order a refund or credit of the overpayment.

1

On appeal, Borenstein argues that the Tax Court's interpretation of 26 U.S.C. § 6512(b)(3), which limits its jurisdiction to order refunds or credits of overpayments, is unreasonable and inconsistent with congressional intent.

Reversed and remanded.

_____

KENDALL C. JONES, Eversheds Sutherland (US) LLP, Washington, D.C., for Petitioner-Appellant.

IVAN C. DALE, Tax Division (Richard E. Zuckerman, Principal Deputy Assistant Attorney General; Joan I. Oppenheimer, Tax Division, on the brief), United States Department of Justice, Washington, D.C., for Respondent-Appellee.

T. KEITH FOGG (Simona Altshuler, on the brief), Federal Tax Clinic at the Legal Services Center of Harvard Law School, Jamaica Plain, MA; W. EDWARD AFIELD, Philip C. Cook Low-Income Taxpayer Clinic, Atlanta, GA; for Amici Curiae Federal Tax Clinic at the Legal Services Center of Harvard Law School, Philip C. Cook Low-Income Taxpayer Clinic, in support of Petitioner-Appellant.

DENNIS JACOBS, Circuit Judge:

Roberta Borenstein appeals from a judgment of the United States Tax Court (Lauber, J.) denying her petition seeking refund of her overpayment of 2012 income tax. The Commissioner of Internal Revenue ("the Commissioner") and Borenstein do not dispute that she overpaid, or the amount of her overpayment; however, the Commissioner argues--and the Tax Court agreed--that the Tax Court lacks jurisdiction to order a refund or credit of the overpayment. As the Tax Court observed, and so far as we can ascertain, this case presents an issue of first impression in any court.

On appeal, Borenstein argues that the Tax Court's interpretation of 26 U.S.C. § 6512(b)(3), which limits its jurisdiction to order refunds or credits of overpayments, is unreasonable and inconsistent with congressional intent, and that its judgment must therefore be reversed.

The question of Tax Court jurisdiction is one of statutory interpretation. The Tax Court has jurisdiction under 26 U.S.C. § 6512(b) to order refunds or credits for overpayments in years past, but its jurisdiction is circumscribed. As relevant to this case, "look-back periods" limit how far into the past the Tax Court may reach to remedy overpayments by refund or credit.

A taxpayer who files a tax return, and within three years after that filing is mailed a notice of deficiency from the Commissioner, is entitled to a look-back period of at least three years. However, prior to Congress's amendment of the governing statute, a taxpayer who had not filed a return before the mailing of a notice of deficiency--like Borenstein--was entitled only to a default two-year look-back period. Accordingly, Congress, seeking to extend the look-back period available to such non-filing taxpayers, provided that if a notice of deficiency is mailed "during the third year after the due date (with extensions) for filing the return," and if no return was filed before the notice of deficiency was mailed, the applicable look-back period is three years. This is called the "flush language" of 26 U.S.C. § 6512(b)(3).

Borenstein paid (in fact, overpaid) her 2012 taxes on the due date of her 2012 return and received a six-month extension for the filing of her return, but failed to file her return for that year by the time that the Commissioner mailed a notice of deficiency--26 months after the due date. If, as the Tax Court ruled (and the Commissioner argues), "(with extensions)" has the effect of delaying by six months the beginning of the "third year after the due date," then Borenstein's notice of deficiency was mailed prior to the commencement of the third year. That would leave the Tax Court with jurisdiction to look back only two years from the notice of deficiency, and unable to reach Borenstein's overpayment 26 months earlier.

3

Borenstein argues that "(with extensions)" has the effect of extending by six months the "third year after the due date," and therefore that the notice of deficiency, mailed 26 months after the due date, was mailed during the third year. That would mean that the Tax Court has jurisdiction to look back three years, which would reach the due date and allow Borenstein to recover her overpayment.

We agree with Borenstein, reverse the judgment of the Tax Court, and remand for the entry of judgment for Borenstein. The question of statutory interpretation is considerably easier than the scheme in which it is embedded, but needs to be considered in its (dizzying) context.

## BACKGROUND

Borenstein's 2012 federal income tax return was due on April 15, 2013. By that date, she had made income tax payments for 2012 totaling $112,000.

On April 15, Borenstein was granted a six-month extension for the filing of her return, until October 15, 2013. Borenstein failed to file her return by that date, or after, and on June 19, 2015, the Commissioner sent her a notice of deficiency stating that she owed $1,666,463 in 2012 income taxes and $572,756.90 in penalties. On August 29, 2015, Borenstein filed her (late) 2012 return reporting an income tax liability of $79,559, which the parties have stipulated is the correct amount.[1] The return also reported an overpayment of $38,447. Borenstein and the Commissioner have since stipulated that the correct amount of overpayment is $32,441 (the difference between Borenstein's $112,000 in payments and $79,559 in liability).

Borenstein filed a petition in Tax Court on September 16, 2015, seeking a redetermination of the amount of her 2012 tax deficiency and a refund of her

---

[1] The Commissioner identified approximately $4.3 million in sales of stocks and bonds in 2012, and the notice of deficiency reflected an assumption that the full sales proceeds represented a profit for Borenstein. Her late return showed that she in fact took a loss on the asset sales, greatly reducing her 2012 tax liability.

4

overpayment.   The case was submitted for decision without trial pursuant to Rule 122 of the Tax Court Rules of Practice and Procedure; and because the parties stipulated to the numbers, the sole question before the Tax Court was whether it had jurisdiction to order a refund of the overpayment.

The Tax Court ruled that it lacked jurisdiction.   The court determined that under 26 U.S.C. § 6512(b)(3), Borenstein was only entitled to a two-year look-back period for any refund and, since the overpayment occurred more than two years prior to the mailing of the notice of deficiency, the court lacked jurisdiction to order a refund.

On appeal, Borenstein argues that the Tax Court adopted an interpretation of 26 U.S.C. § 6512(b)(3) that is inconsistent with its plain language and congressional intent.

## DISCUSSION

"[T]he Tax Court is a court of limited jurisdiction that possesses only those powers expressly conferred upon it by Congress; it may exercise jurisdiction only pursuant to specific legislative enactments."   Maier v. Comm'r of Internal Revenue, 360 F.3d 361, 363 (2d Cir. 2004).   "The Tax Court's interpretation of federal statutes, including statutes delimiting the scope of its own jurisdiction, [is] reviewed de novo."   Wright v. Comm'r of Internal Revenue, 571 F.3d 215, 219 (2d Cir. 2009) (quoting Maier, 360 F.3d at 363).

## A.    Statutory Framework

The Tax Court's jurisdiction to order refunds and credits for past overpayments is limited by "look-back periods," such that "a taxpayer who seeks a refund in the Tax Court" must "show that the tax to be refunded was paid during the applicable look-back period."   Comm'r of Internal Revenue v. Lundy, 516 U.S. 235, 241 (1996).   Without the modification effected by the flush language, the Tax Court had (and has) jurisdiction to order a refund or credit of (1) overpayments made during the two years immediately preceding the mailing of a notice of deficiency (i.e., a two-year look-back period); and (2) overpayments

5

made during the three years immediately preceding the mailing of a notice of deficiency "plus the period of any extension of time for filing the return" if a return was filed and a notice of deficiency was mailed within three years after such filing. 26 U.S.C. § 6512(b)(3)(B) (incorporating by reference 26 U.S.C. § 6511(b)(2)). Additionally--as applicable to this case--the flush language provides the Tax Court with jurisdiction to order a refund or credit of overpayments made during the three years immediately preceding the mailing of the notice of deficiency (i.e., a three-year look-back period) if the taxpayer failed to file a return before the mailing of the notice of deficiency and "the date of the mailing of the notice of deficiency is during the third year after the due date (with extensions) for filing the return of tax." 26 U.S.C. § 6512(b)(3) (flush language).

## B.     Application

Borenstein's 2012 taxes (withheld or paid in installments over 2012) were deemed to have been paid on April 15, 2013 (the due date for her 2012 tax return) pursuant to 26 U.S.C. § 6513. The Commissioner mailed the notice of deficiency on June 19, 2015. Accordingly, if June 19, 2015 "is during the third year after the due date (with extensions) for filing the return," Borenstein is entitled to a three-year look-back period, and the Tax Court has jurisdiction to order a refund of the overpayment that occurred approximately 26 months prior to the notice of deficiency. 26 U.S.C. § 6512(b)(3) (flush language). If June 19, 2015 is *not* "during the third year after the due date (with extensions) for filing the return," Borenstein is entitled to only a two-year look-back period, and the Tax Court would be without jurisdiction to remedy her overpayment. 26 U.S.C. § 6512(b)(3)(B) (incorporating by reference 26 U.S.C. § 6511(b)(2)(B)).

Borenstein argued to the Tax Court that "third year after the due date (with extensions)" refers in this case to the third year after the return due date, plus a six-month extension period--i.e., April 16, 2015, to October 15, 2016. The Commissioner argued that the statutory language instead refers in this case to the third year after the conclusion of the six-month extension period--i.e., October 16, 2015, to October 15, 2016.

6

As the Tax Court noted, "the statutory provisions we are construing are extremely technical and complex." Borenstein v. Comm'r of Internal Revenue, 149 T.C. 263, 279 (2017). Nevertheless, the Tax Court determined that the meaning of the flush language of 26 U.S.C. § 6512(b)(3) is unambiguous, relying heavily on the canon of statutory construction known as the "rule of the last antecedent" to find that "(with extensions)" modifies only "due date." However, that canon "is not an absolute and can assuredly be overcome by other indicia of meaning." Barnhart v. Thomas, 540 U.S. 20, 26 (2003). Here, it does not yield a clear answer.

The rule of the last antecedent "provides that 'a limiting clause or phrase . . . should ordinarily be read as modifying only the noun *or phrase* that it immediately follows.'" Lloyd v. J.P. Morgan Chase & Co., 791 F.3d 265, 271 (2d Cir. 2015) (ellipsis in original) (emphasis added) (quoting Barnhart, 540 U.S. at 26). While the Tax Court determined that "(with extensions)" modifies the noun "due date," it is at least as plausible that "(with extensions)" modifies the phrase "third year after the due date," thereby extending the third year. Accordingly, because the flush language of 26 U.S.C. § 6512(b)(3) supports more than one interpretation, we "consult legislative history and other tools of statutory construction to discern Congress's meaning." Chai v. Comm'r of Internal Revenue, 851 F.3d 190, 219 (2d Cir. 2017) (quoting United States v. Gayle, 342 F.3d 89, 93 (2d Cir. 2003)).

Congress added the flush language of 26 U.S.C. § 6512(b)(3) in response to the outcome of the Supreme Court's decision in Lundy. That case considered whether the Tax Court had jurisdiction to order a refund of taxes paid more than two years prior to the mailing of a notice of deficiency, where the taxpayer failed to file a return by the date the notice of deficiency was mailed. The Court ruled that non-filers were limited to a two-year look-back period:

> The operative question is whether a claim filed "on the date of the mailing of the notice of deficiency" would be filed "within 3 years from the time the return was filed." See § 6512(b)(3)(B) (incorporating §§ 6511(b)(2) and 6511(a)). In the case of a taxpayer who does not file a return before the notice of deficiency is mailed,

7

the claim described in § 6512(b)(3)(B) could not be filed "within 3 years from the time the return was filed." No return having been filed, there is no date from which to measure the 3-year filing period described in § 6511(a). Consequently, the claim contemplated in § 6512(b)(3)(B) would not be filed within the 3-year window described in § 6511(a), and the 3-year look-back period set out in § 6511(b)(2)(A) would not apply. The applicable look-back period is instead the default 2-year period described in § 6511(b)(2)(B), which is measured from the date of the mailing of the notice of deficiency, see § 6512(b)(3)(B). The taxpayer is entitled to a refund of any taxes paid within two years prior to the date of the mailing of the notice of deficiency.

Lundy, 516 U.S. at 243. The taxpayer sought a refund of his overpayment of 1987 taxes, deemed paid on April 15, 1988, but since the notice of deficiency was not mailed until September 26, 1990 (at which time he had still not filed his return), the overpayment occurred outside of the applicable two-year look-back period, and the Tax Court lacked jurisdiction to order a refund of the overpayment. Id. at 237-38, 253.

Congress subsequently passed the Taxpayer Relief Act of 1997, amending 26 U.S.C. § 6512(b)(3) to add the flush language providing a three-year look-back period in certain situations in which a taxpayer failed to file a return prior to receiving a notice of deficiency. The conference committee report for the amendment discusses the flush language as a corrective to Lundy:

> The Supreme Court held that the taxpayer could not recover overpayments . . . because no return was filed and the 2-year "look back" rule applied. Since overwithheld amounts are deemed paid as of the date the taxpayer's return was first due (i.e., more than 2 years before the notice of deficiency was issued), such overpayments could not be recovered. By contrast, if the same taxpayer had filed a return on the date the notice of deficiency was issued, and then claimed a refund, the 3-year "look back" rule would apply, and the taxpayer could have obtained a refund of the overwithheld amounts.

H.R. Rep. No. 105-220, at 701 (1997) (Conf. Rep.).   To eliminate such differential treatment of filing and non-filing taxpayers who are otherwise identically situated, the amendment "permits taxpayers who initially fail to file a return, but who receive a notice of deficiency . . . during the third year after the return due date, to obtain a refund of excessive amounts paid within the 3-year period prior to the date of the deficiency notice."   Id.   It thus appears that the amendment to 26 U.S.C. § 6512(b)(3) was intended to expand the jurisdiction of the Tax Court to order refunds for taxpayers who failed to file a return prior to the mailing of a notice of deficiency, and thereby eliminate an unwarranted differential in treatment.

The Tax Court's interpretation of 26 U.S.C. § 6512(b)(3) results in differential treatment of taxpayers that the statute's flush language was intended to eliminate: it would have had jurisdiction to grant Borenstein a refund if she had not been granted an extension for the filing of her return, but lacks jurisdiction because she obtained an extension that was not used.   And if the Commissioner had mailed the notice of deficiency six months earlier, or six months later, the Tax Court would have unquestioned jurisdiction to grant Borenstein a refund under two-year and three-year look-back periods, respectively.   The Tax Court's interpretation disclaims jurisdiction to order a refund simply because the Commissioner chose to mail the notice of deficiency during a (supposed) gap in the Tax Court's jurisdiction in the second half of the second year after Borenstein's extension period.   But "there is no need to read [the flush language of § 6512(b)(3)]--a provision designed to benefit the taxpayer who receives an unexpected deficiency notice--as giving the [Commissioner] an arbitrary right to shorten the taxpayer's period for claiming a refund if that taxpayer has not yet filed a return," thereby "convert[ing] an intended benefit into a handicap."   See Lundy, 516 U.S. at 253 (Stevens, J., dissenting).   Instead, because "we must (as usual) interpret the relevant words not in a vacuum, but with reference to the statutory context, 'structure, history, and purpose,'" Abramski v. United States, 573 U.S. 169, 179 (2014) (quoting Maracich v. Spears, 570 U.S. 48, 76 (2013)), we conclude that "(with extensions)" modifies "third year after the due date," such that the flush language of 26 U.S.C. § 6512(b)(3) provides a three-year look-back

9

period when a notice of deficiency is mailed during the third year after the return due date plus the period of any extensions.

Our conclusion is supported by "the longstanding canon of construction that where 'the words [of a tax statute] are doubtful, the doubt must be resolved against the government and in favor of the taxpayer,'" a principle of which "we are particularly mindful." Exxon Mobil Corp. & Affiliated Cos. v. Comm'r of Internal Revenue, 689 F.3d 191, 199-200 (2d Cir. 2012) (quoting United States v. Merriam, 263 U.S. 179, 188 (1923)). As Borenstein notes, the Tax Court's interpretation creates a six-month "black hole" into which her refund disappears, a result that unreasonably harms the taxpayer and is not required by the statutory language.

Moreover, the interpretation we adopt is consistent with the language of 26 U.S.C. § 6511(b)(2)(A), which provides for a look-back period "equal to 3 years *plus the period of any extension of time for filing the return*." 26 U.S.C. § 6511(b)(2)(A) (emphasis added). In view of our obligation to resolve doubtful language in tax statutes against the government and in favor of the taxpayer, we conclude that "(with extensions)" has the same effect as does the similar language that existed in § 6511(b)(2)(A) at the time of § 6512(b)(3)'s amendment--that is, the language expands the Tax Court's jurisdiction to order refunds and credits.[2]

## CONCLUSION

For the foregoing reasons, we hereby **REVERSE** the judgment of the Tax Court, and **REMAND** for the entry of judgment for Borenstein.

---

[2] As the Commissioner observes, the analogy between 26 U.S.C. § 6511(b)(2)(A) and § 6512(b)(3) is imperfect. But no analogy is perfect.