**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1074**

BRIAN H. MCLANE,

      Petitioner – Appellant,

  v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent – Appellee.

------------------------------

AMERICAN COLLEGE OF TAX COUNSEL; TAX FREEDOM INSTITUTE, INC.,

      Amici Supporting Appellant.

Appeal from the United States Tax Court. (Tax Ct. No. 020317-13L)

Argued: October 29, 2021             Decided: January 25, 2022
              Amended: January 27, 2022

Before MOTZ, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by published opinion. Judge Motz wrote the opinion, in which Judge Diaz and Judge Richardson joined.

**ARGUED:** Daniel M. Lader, DIRUZZO & COMPANY, Fort Lauderdale, Florida, for Appellant. Marion E.M. Erickson, UNITED STATES DEPARTMENT OF JUSTICE,

Washington, D.C., for Appellee.  **ON BRIEF:**  Joseph A. DiRuzzo, III, DIRUZZO & COMPANY, Fort Lauderdale, Florida, for Appellant.  David A. Hubbert, Acting Assistant Attorney General, Jacob Christensen, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  Frank Agostino, Phillip Colasanto, Andrew Lendrum, AGOSTINO & ASSOCIATES, P.C., Hackensack, New Jersey, for Amicus American College of Tax Counsel.  Donald W. MacPherson, Peoria, Arizona, for Amicus Tax Freedom Institute, Inc.

---

DIANA GRIBBON MOTZ, Circuit Judge:

This case presents a single question: whether, after the Commissioner of Internal Revenue conceded that a taxpayer owed $0 and was entitled to the removal of any lien or levy, the United States Tax Court had jurisdiction to determine that the taxpayer overpaid and order a refund. The Tax Court held that it did not. We agree and so affirm.

I.

When the Internal Revenue Service ("IRS") determines that a taxpayer owes more than reported in that year's tax return, it may inform the taxpayer of the discrepancy in a "notice of deficiency." 26 U.S.C. § 6212. The taxpayer may petition for review — asking the Tax Court to redetermine the amount of the deficiency — within 90 days from the time the IRS mails the notice. *Id.* § 6213(a). In the proceeding that follows this timely petition for review, if the Tax Court finds that there is no deficiency and the taxpayer instead overpaid, it may "determine the amount of such overpayment" and order a refund to the taxpayer. *Id.* § 6512(b)(1).

If for any reason — including failure to receive the IRS's notice of deficiency — the taxpayer does not timely file a petition for review, the IRS may place a lien on the taxpayer's property or levy the property to satisfy the amount owed. *Id.* §§ 6321, 6331 *et seq.* But the IRS can only do this after it notifies the taxpayer of its intent to do so and of the taxpayer's right to seek a pre-collection hearing in accordance with §§ 6320(a) and 6330(a) of the Internal Revenue Code (the "Code"). These statutes provide a second path to the Tax Court. After receiving notice of a lien or levy, the taxpayer may request a collection due process ("CDP") hearing before the IRS Independent Office of Appeals

3

("Appeals Office") and may thereafter petition the Tax Court for review of the Appeals Office's determination. *Id.* §§ 6320, 6330(b)(1)–(d)(1).

The taxpayer here, Brian McLane, filed a return for the year 2008 claiming deductions for business losses. The IRS denied "almost all of" those deductions and determined that he had underreported his liability by $23,615. The IRS mailed McLane a notice of deficiency advising him of the discrepancy, but the parties agree that he never received that notice. *See* Appellee's Br. at 9–10. When McLane did not attempt to pay or otherwise respond to that initial notice, the Commissioner informed him in a second notice that the IRS sought to collect the amount of the deficiency through a lien on his property.

McLane then requested a CDP hearing under § 6330. During those proceedings, McLane presented enough information to substantiate the losses reported in his return. Based on the new evidence, the Commissioner conceded that McLane was entitled to deductions exceeding those he initially claimed and concluded that he owed the IRS $0.

In February 2018, after the Commissioner removed the assessment of liability, McLane asserted for the first time, in a telephone call with the Tax Court, that he overpaid his taxes for the year 2008 and now sought a refund. The Tax Court held that it lacked jurisdiction to determine and order a refund of overpayment and thus dismissed McLane's case. McLane then timely noted this appeal.

## II.

We review Tax Court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1); *see also Iames v. Comm'r*, 850 F.3d 160, 163 (4th Cir. 2017). Thus, we review

4

jurisdictional determinations de novo. *See Nauflett v. Comm'r*, 892 F.3d 649, 651 (4th Cir. 2018). Because the Tax Court, as an Article I court, may exercise only jurisdiction authorized by statute, "[t]he question of Tax Court jurisdiction is one of statutory interpretation." *Borenstein v. Comm'r*, 919 F.3d 746, 748 (2d Cir. 2019); *see also Willson v. Comm'r*, 805 F.3d 316, 319–20 (D.C. Cir. 2015) ("[T]he tax court possesses only 'limited jurisdiction,' and may exercise it 'only to the extent expressly authorized by Congress.'" (internal citations omitted)).

In CDP hearings like the one at the heart of this appeal, a taxpayer may raise before the Appeals Office "any relevant issue relating to the unpaid tax or the proposed levy." 26 U.S.C. § 6330(c)(2)(A). Relevant issues include "appropriate spousal defenses," "challenges to the appropriateness of collection actions," and "offers of collection alternatives." *Id.* § 6330(c)(2)(A)(i)–(iii).

In addition, if a taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability," the taxpayer may raise "challenges to the existence or amount of the *underlying tax liability*." *Id.* § 6330(c)(2)(B) (emphasis added). A taxpayer may then appeal to the Tax Court, which may review only the issues considered in the first instance by the Appeals Office. *Id.* § 6330(d)(1). Because McLane never received a notice of deficiency from the IRS, he falls within this latter category. In other words, § 6330(c)(2)(B) permits him to raise in a CDP hearing a challenge to his "underlying tax liability" for any tax period that he has not yet had an opportunity to dispute. McLane contends that the phrase "underlying tax liability"

5

(a phrase Congress left undefined) confers jurisdiction on the Tax Court to determine that he overpaid and order a refund. We disagree.

III.

Sections 6330 and 6320 provide a taxpayer with the right to a CDP hearing only when the IRS seeks to enforce collection of tax liability via lien or levy. If the taxpayer requests a CDP hearing, the Appeals Office determines in the first instance whether the IRS's collection action may go forward. When as here, the Commissioner has already conceded that a taxpayer has no tax liability and that the lien should be removed, any appeal to the Tax Court of the Appeals Office's determination as to the collection action is moot. No collection action remains, for which there is underlying tax liability, to appeal. *See Willson*, 805 F.3d at 320–21 ("As for Willson's 'underlying tax liability,' there is none. The IRS has entirely abated the 2006 liability it improperly assessed, returned the $2,206.55 it collected in satisfaction of that improper liability and abandoned its levy.").

We cannot read the phrase "underlying tax liability" in isolation, but instead must read it in "the specific context in which that language is used." *Yates v. United States*, 574 U.S. 528, 537 (2015) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). Here, the "specific context" is the IRS's attempt to collect via lien or levy. *See Montgomery v. Comm'r*, 122 T.C. 1, 12 (2004) (Laro, J., concurring) ("The relevant term, 'underlying tax liability', is clear and unambiguous and is read easily to mean the tax liability underlying the proposed levy."). The phrase "underlying tax liability" does not provide the Tax Court jurisdiction over independent overpayment claims when the collection action no longer

6

exists.[*]  The Commissioner is correct that the "taxpayer was permitted to challenge the amount of his underlying liability in the [collection due process] hearing . . . *only* in the context of determining whether the collection action could proceed."  Appellee's Br. at 15–16 (emphasis added); *see Iames*, 850 F.3d at 162 ("Section 6330 provides a set of procedural safeguards for taxpayers *facing* a potential levy action by the IRS . . ." (emphasis added)).  McLane no longer faces such an action.

For the foregoing reasons, the judgment of the Tax Court is

*AFFIRMED.*

---

[*] In holding that the phrase "underlying tax liability" did not confer jurisdiction for it to determine an overpayment or order a refund, the Tax Court relied on its prior decision in *Greene-Thapedi v. Commissioner*, 126 T.C. 1 (2006).  In *Greene-Thapedi*, the Tax Court rejected a taxpayer's request that it determine an overpayment and order a refund under § 6330 on two bases.  *Id.*  First, it held that, because the Commissioner had already acknowledged in that case "that there [was] no unpaid liability for the determination year upon which a levy could be based," the proposed levy was "moot," and the taxpayer could no longer "challenge the existence or amount of her underlying tax liability in [that] proceeding."  *Id.* at 7–8.  Second, it held that, "[m]ore fundamentally," § 6330 *never* "give[s] [the Tax] Court jurisdiction to determine an overpayment or to order a refund or credit of taxes paid."  *Id.* at 8.  Here, we believe it is unnecessary to decide the "[m]ore fundamental[]" question of whether § 6330 *ever* grants the Tax Court jurisdiction to determine an overpayment or to order a refund given that § 6330 so clearly cannot confer such jurisdiction when no active collection action persists.  *See Willson*, 805 F.3d at 320 ("[I]f a case raises a question within the jurisdictional purview of the tax court, and that question is subsequently resolved, the case is moot notwithstanding the existence of other live controversies between the taxpayer and the IRS that do *not* fall within the tax court's jurisdiction."); *Byers v. Comm'r*, 740 F.3d 668, 679 (D.C. Cir. 2014).