# United States Tax Court

T.C. Memo. 2023-143

HARMAN ROAD PROPERTY, LLC,
CAPITAL CONSERVATION PARTNERS II, LLC,
TAX MATTERS PARTNER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 253-22.                                Filed November 29, 2023.

————

*Anson H. Asbury*, *Scott C. St. Lifer*, *Robert B. Gardner III*, and *Ethan J. Vernon*, for petitioner.

*Teri L. Jackson* and *Christina M. Everling*, for respondent.

## MEMORANDUM OPINION

WEILER, *Judge*: Before this Court is respondent's Motion to Dismiss for Lack of Jurisdiction, filed on February 14, 2022, in which he argues that section 6228(a)(2)(B)[1] prohibited the filing of the Petition in this case. On August 1, 2022, petitioner filed its Objection to Motion to Dismiss for Lack of Jurisdiction along with a Declaration in support thereof. On March 1, 2023, respondent filed his Response to Objection to Motion to Dismiss for Lack of Jurisdiction. For the reasons set forth below, we will grant respondent's Motion.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                                    *Background*

The following facts are derived from the parties' pleadings and motion papers, including the Declaration and Exhibits attached thereto. These facts are stated solely for the purpose of deciding respondent's Motion and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

Harman Road Property, LLC (Harman Road or Partnership), was organized as a Georgia limited liability company, with its initial members being Claude Peavy Harman, Jr., owning a 99% interest, and Capital Conservation Partners II, LLC (CCP II), owning a 1% interest. Harman Road is treated as a partnership under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, §§ 401–407, 96 Stat. 324, 648–71, for federal income tax purposes; petitioner, CCP II, is the tax matters partner (TMP).[2]

On November 28, 2016, Mr. Harman sold 97% (retaining 2%) of the total interest in Harman Road to CCP Acquisitions II, LLC, which in turn sold its entire 97% interest in Harman Road to Harman Road Investors, LLC. The sale of the 97% interest in Harman Road by Mr. Harman triggered a technical termination of the Partnership under section 708(b)(1)(B).[3]

Meanwhile, on December 9, 2016, Harman Road made a conservation easement donation to Oconee River Land Trust, Inc., of approximately 181.61 acres of property located in Meriwether County, Georgia. Harman Road recorded a deed of conservation easement with the Clerk of Superior Court of Meriwether County on December 9, 2016.

As a result of the technical termination Harman Road's taxable year closed on November 28, 2016, and separate tax returns were filed for the short taxable periods before—October 26 through November 28, 2016—and after the technical termination—November 29 through December 31, 2016. Harman Road timely filed two federal income tax

---

[2] Before its repeal, TEFRA governed the tax treatment and audit procedures for many partnerships, including Harman Road.

[3] Section 708 was amended by the Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 13504(a), 131 Stat. 2054, 2141, effective for partnership taxable years beginning after December 31, 2017, by deleting the "technical termination" provision at issue here. That provision, section 708(b)(1)(B), provided that a partnership shall be considered terminated only if "within a 12-month period there is a sale or exchange of 50 percent or more of the total interest in partnership capital and profits."

**[\*3]** returns, Forms 1065, U.S. Return of Partnership Income, for 2016. However, because of an error, the taxable periods reflected on the tax returns failed to reflect the date of Harman Road's technical termination, which occurred on November 28, 2016. The first short-period Form 1065 reflected a taxable period ending December 16, 2016, and the second short-period Form 1065 (Original Return) reflected a taxable period beginning December 17, 2016, and ending December 31, 2016.[4]

In order to correct the errors in the taxable periods reflected on the returns for the Partnership, petitioner, on January 8, 2020, filed Form 1065X, Amended Return or Administrative Adjustment Request (AAR), to amend the ending date of the first short-period Form 1065 from December 16, 2016, to November 28, 2016. On January 8, 2020, petitioner also filed a Form 8082, Notice of Inconsistent Treatment or Administrative Adjustment Request (AAR), to adjust the beginning date on the Original Return from December 17, 2016, to November 29, 2016, pursuant to section 6227(c), which forms the foundation of the Petition in this case.

However, on November 15, 2018, which preceded petitioner's filing of the Form 8082 to correct the beginning date on the Original Return, respondent issued a Notice of Beginning of Administrative Proceeding (NBAP) to Harman Road's TMP relating to partnership items on the Original Return for the taxable year ending December 31, 2016. Respondent completed his examination of Harman Road's Original Return, and on July 16, 2020, he issued a Notice of Final Partnership Administrative Adjustment (FPAA) to CCP II for the examination of items on the Original Return for the taxable year ending December 31, 2016. On October 16, 2020, petitioner timely filed a petition with this Court disputing the FPAA and seeking readjustment of partnership items under section 6226, and that case is docketed at Docket No. 12304-20 (FPAA Proceeding).

On January 7, 2022, petitioner petitioned this Court for adjustment of the partnership items set forth in its AAR pursuant to section 6228 (AAR Proceeding), regarding the beginning date of the Original Return.

---

[4] On this second short-period Form 1065 petitioner reported a charitable contribution deduction under section 170(h) for the December 9, 2016, conservation easement donation.

**[*4]**                         *Discussion*

I.      *Legal Background*

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner*, 88 T.C. 1175, 1180–81 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). We are without authority to enlarge upon that statutory grant. *See Phillips Petroleum Co. & Affiliated Subs. v. Commissioner*, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to decide whether we have jurisdiction. *McCrory v. Commissioner*, 156 T.C. 90, 93 (2021).

A partnership's taxable year is a partnership item. Treas. Reg. § 301.6231(a)(3)-1(b). Pursuant to section 6227(a), a partner may file with the IRS a request for an administrative adjustment of partnership items for any partnership taxable year subject to certain conditions. If the IRS does not allow any part of an AAR filed by the TMP under section 6227(c), the TMP may file a petition with this Court for an adjustment with respect to the partnership items to which such part of the request relates. I.R.C. § 6228(a)(1).[5]

In addition to the express time and subject matter limits, the ability to file a section 6228(a) action is limited by certain events in a related partnership audit proceeding (or FPAA proceeding). The TMP may not file a section 6228(a) action after the IRS has mailed an NBAP to the partnership for the taxable year to which the AAR relates. I.R.C. § 6228(a)(2)(B). If the IRS ultimately does not mail an FPAA to the partnership before the expiration of the partnership item period of limitations, however, the partnership is still allowed to file a section 6228(a) action within six months after the expiration of the partnership item period of limitations.

If the IRS issues an FPAA after an AAR proceeding is commenced for the same taxable year, but before the hearing of such a petition, the petition shall be treated as an action brought under section 6226 (i.e., an FPAA proceeding) with respect to that administrative adjustment. I.R.C. § 6228(a)(3)(B). If such is the case, the TMP must amend the petition within 90 days and include any errors committed by the Commissioner related to the FPAA. *See* Rule 249. There is a clear

---

[5] Section 6228(a)(1) permits a taxpayer to file a petition with this Court, the district court, or the Court of Federal Claims.

**[\*5]** preference under the Code for an FPAA proceeding to take precedence, since a section 6226 action includes all partnership items for the taxable year, while a section 6228 action is limited to "only those partnership items to which the . . . [AAR was] not allowed by the Secretary . . . and those items with respect to which the Secretary asserts adjustments as offsets to the adjustments requested by the [TMP]." *Compare* I.R.C. § 6226(f), *with* § 6228(a)(5).

## II.  *Summary of the Parties' Arguments*

### A.  *Petitioner's Argument*

Petitioner argues that this Court is not barred from hearing the AAR Proceeding pursuant to section 6228(a) since respondent failed to take timely action regarding the AAR. Further, petitioner avers that the AAR Proceeding relates to a taxable year other than the NBAP (or FPAA) year, since the FPAA does not state the beginning date of the taxable year under examination; rather, it identifies only the ending date of the taxable year, December 31, 2016.

Petitioner also argues that the Code's definition of taxable year—rather than the dates reflected on the return—is determinative of the beginning and ending dates of a taxable year. Accordingly, petitioner contends that the AAR necessarily relates to the taxable year of the Original Return.[6]

Lastly, petitioner states that respondent has repeatedly refused to identify the taxable year to which the NBAP relates.

### B.  *Respondent's Argument*

Respondent argues, contrary to petitioner's contention, that the NBAP issued to petitioner covers the entire taxable year ending December 31, 2016, which includes the Partnership's Original Return and any adjustments thereto. Respondent agrees with petitioner that a partnership's taxable year is a partnership item under Treasury Regulation § 301.6231(a)(3)-1(b) and avers that when he issued

---

[6] For petitioner's argument that the AAR does not relate to the same taxable year as the NBAP to carry any weight, we would have to find that Harman Road had two distinct taxable years. Petitioner's position is untenable by his own admission that "the typographical error on the Original Return does not determine the partnership taxable year; the Code controls." Therefore, the error on the Original Return did not create a separate taxable year for the Partnership.

**[\*6]** petitioner the NBAP it "covered partnership items for that taxable year—including the proper beginning date of that taxable year." Consequently, respondent states that the TMP has lost the ability to file a petition related to any AAR for the 2016 taxable year since any "determination of the proper taxable year (including its beginning and ending date) was part of the proceeding commenced by the NBAP."

Moreover, since petitioner timely petitioned this Court in response to the FPAA in Docket No. 12304-20, respondent argues the FPAA Proceeding is the proper case in which to determine when the Partnership's taxable year began pursuant to section 6226(f).

III.    *Analysis*

Petitioner attempts to circumvent the preclusive effects of section 6228(a)(2)(B) by arguing that its AAR and the NBAP issued by respondent relate to two different taxable periods. In other words, petitioner's argument is contingent upon a favorable reading of the statutory text "with respect to the partnership taxable year to which such request relates." *See* I.R.C. § 6228(a)(2)(B). Accordingly, to determine the preclusive effects of section 6228(a)(2)(B), we must analyze whether this case involves the same taxable period as the FPAA Proceeding. For the reasons below, we find that both cases involve the same taxable period.

It is undisputed that the Partnership files on a calendar year. A taxable year generally shall not close, unless there is a partnership termination. I.R.C. § 706(c)(1). Treasury Regulation § 301.6109-1(d)(2)(iii) provides that the new partnership that is formed as a result of the termination of a partnership under section 708(b)(1)(B) will retain the employer identification number of the terminated partnership. Under section 6031(a) every partnership that is required to file a return must file a return of partnership income for each taxable year of the partnership, while under section 443(a)(2), a return is required to be made for a period of less than 12 months if the taxpayer is in existence for only part of what would otherwise be its taxable year.

It is also undisputed that the Partnership had a short taxable period of less than 12 months. Originally, the Partnership reported a taxable period commencing on December 17, 2016; however, in an amended filing, the Partnership reported its taxable period commenced

**[\*7]** on November 29, 2016.[7] The date in which the short taxable period commences for a partnership's taxable year is a partnership item. *See* Treas. Reg. § 301.6231(a)(3)-1(b). Here, the IRS issued the NBAP for the Partnership's taxable year ending on December 31, 2016, and does not indicate the date on which the taxable period commences. Similarly, in the FPAA Proceeding, petitioner states in the petition that "Harman timely filed its federal income tax return, Form 1065, for the tax year ended December 31, 2016," and that the "FPAA was issued for the taxable year ended December 31, 2016" but does not otherwise indicate the date on which the short taxable period commences. In sum, both cases relate to the same taxable period, not two separate periods. We find the NBAP and the subsequent FPAA cover all partnership items for the short taxable period ending December 31, 2016, including the date in which the taxable period commences—whether it be December 19 or November 29, 2016.

Consequently, we find the text of section 6228(a)(2)(B) to be controlling and the Petition in this case to be improper.[8] We also find petitioner's argument equally unavailing since respondent has stated that the "NBAP was issued for the same taxable year to which the AAR pertains, which is the year the Original Return covers."[9]

---

[7] Although both short periods fall within the same calendar year, the technical termination has triggered two short period returns. *Internal Revenue Manual* 4.31.2.3.9.2.5(1) (Apr. 20, 2017) instructs that multiple short period returns are controlled separately and indicated by their month end. However, an NBAP (and any subsequent FPAA) is issued to the TMP for "*each* short period." *Id.* at (3) (emphasis added). I.R.S. Chief Couns. Notice CC 2009-027 (Aug. 21, 2009) explains: "If all partners remain the same over multiple tax years, then the Service may address those multiple years in a single NBAP and a single FPAA. I.R.C. §§ 6223, 6103(h)(4)." *See also Sarma v. Commissioner*, T.C. Memo. 2018-201, at \*9–16 (discussing the procedure for multiple NBAPs and FPAAs for short period returns), *aff'd*, 45 F.4th 1312 (11th Cir. 2022).

[8] This is analogous to the way a taxpayer is prohibited from filing a refund suit in federal district court once he petitions this Court for redetermination in response to a notice of deficiency, which in effect "cuts off the taxpayer's right to seek a refund for the year in any other forum." *McLane v. Commissioner*, T.C. Memo. 2018-149, at \*18, *aff'd*, 24 F.4th 316 (4th Cir. 2022); *see also* I.R.C. § 6512.

[9] *See* Treas. Reg. § 1.708-1(b)(3) and (4); I.R.S. Notice 2001-5, 2001-1 C.B. 327 (stating that both terminating and new partnership file short period returns; both use same employer identification number); *see also* I.R.S. Field Serv. Adv. Mem. 200132009 (Aug. 10, 2001) (stating that return filed for partnership that terminated on sale of more than 50% that did not separate pre- and post-termination periods nevertheless started running of period of limitations).

**[\*8]**   Lastly, we point out to petitioner that respondent has affirmed that he "does not seek to deny petitioner's right to a judicial determination of the proper taxable year" and has acknowledged that this Court in "Docket No. 12304-20 has jurisdiction to determine the date on which the partnership taxable year ending December 31, 2016 began." *See* I.R.C. § 6226(f). Moreover, petitioner has already raised the same issue concerning the beginning date of the taxable year ending December 31, 2016, in its reply to answer, filed on April 2, 2021, in the FPAA Proceeding.

Therefore, we fail to understand petitioner's contention that it is necessary for us to determine the Partnership's correct taxable year in this AAR Proceeding, since the same issue is before us in the FPAA Proceeding. *See* Rule 37. Accordingly, we find the issue to be properly joined in the case at Docket 12304-20. *See* Rules 244, 38.

IV.    *Conclusion*

We find that petitioner was precluded from filing the Petition in this case by operation of section 6228(a)(2)(B). We have considered all of the arguments that the parties made, and to the extent they are not addressed herein, we find the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order will be entered.*